Arnold Anderson Vickery (WB# 8-6639)
VICKERY & SHEPHERD, LLP
10000 Memorial Drive, Suite 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Email: andy@justiceseekers.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| DONNIE HUFF,<br>　　　　　Plaintiff,<br><br>v.<br><br>TRANSPORT NATIONAL,<br>　　　　　Defendant. | § § § § § § § § | CASE #: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff DONNIE HUFF, by and through his attorneys, and for cause of action against Defendant TRANSPORT NATIONAL respectfully shows the Court the following:

### Nature of the Case

1.　This is a Wyoming, diversity jurisdiction, personal injury case arising out of a vehicular collision that occurred on or about December 5, 2019, on Interstate 80 in Carbon County, Wyoming.

### Parties

2.　This Complaint is brought on behalf of Plaintiff Donnie Huff who is a citizen and resident of the State of Colorado.

3.　Upon information and belief, Defendant Transport National is a Wisconsin Corporation doing business in Wyoming with its principal office and place of business at 2500 Southbranch Blvd, Oak Creek, WI 53154. At all times pertinent to this case, Transport National was an employer of Charles W. Medlin, Jr. (hereinafter "Medlin") and Medlin was acting within

the course and scope of his employment. Therefore, Defendant Transport National is vicariously liable for Medlin's tortious conduct.

## Jurisdiction and Venue

4.Jurisdiction is based on diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1332.

5.The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## Facts

6.Transport National is a trucking company which hauls loads for shippers in interstate commerce. On or about December 5, 2019, Medlin, as an employee of Transport National, was operating a Kenworth Conventional truck near Rawlins, Wyoming. Medlin was traveling westbound on Interstate 80 hauling an oversized load and driving in the right lane. There was snow and ice on the road and apparently another oversized vehicle was either slowing down or stopped in the right lane.

7.Plaintiff Donnie Huff was driving a flatbed semi-truck for his employer, Renewable Fiber. Mr. Huff was also traveling westbound on Interstate 80, but he was driving in the left lane and proceeding cautiously.

8.Suddenly, without warning or signal, Medlin's vehicle swerved into the left lane in front of and on a collision path with Plaintiff. Plaintiff moved over as far to the left as he could to try to avoid an accident, but the vehicles collided.

9. Plaintiff's truck lost the front tire, drifted over to the right shoulder, and a small fire ensued. After the collision, Plaintiff was transported via ambulance to Memorial Hospital of Carbon County in Rawlins, Wyoming.

9. As a result of the acts, errors or omissions of Defendant, Plaintiff suffered serious injuries. Plaintiff was given a disability rating of 11% in his left shoulder by Wyoming Worker's Compensation.

## Cause of Action – Negligence

10. Plaintiff asserts one simple common law cause of action, i.e., "negligence." Defendant's driver Medlin was negligent in a variety of respects including failure to maintain a proper lookout, changing lanes suddenly and without warning, failure to yield the right of way and failure to control his speed. His negligence was a proximate cause of the crash and of Plaintiff's resulting injuries.

## Damages

11. As a direct and proximate consequence of Defendant's conduct, Plaintiff has suffered and continue to suffer from the injuries and seeks to recover all elements of compensable damage under Wyoming law as follows:

    a. pain and suffering, past and future;

    b. mental anguish, past and future;

    c. loss of the enjoyment of life, past and future;

    d. medical expenses, past and future;

    e. lost earnings or earning capacity,

    f. other economic damages; and,

    g. any other losses or damages as may be proven or shown.

WHEREFORE, Plaintiff prays for judgment against Defendant, for the acts, errors, and omission of Defendant's agent, which cause the personal injuries to Plaintiff as will be proven at trial, and other such damages and compensation for loss. Plaintiff also seeks costs of court and such other and further relief as the Court deems proper and just in premises.

RESPECTFULLY SUBMITTED this 27th day of July 2021.

                                            VICKERY & SHEPHERD, LLP

By: _____
         Arnold Anderson Vickery (WB# 8-6639)
         10000 Memorial Drive, Suite 750
         Houston, TX 77024-3485
         Telephone: 713-526-1100
         Facsimile: 713-523-5939
         Email: andy@justiceseekers.com
         *Counsel for Plaintiff*